UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRANCE WOODS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-1525 (ESH) |
| STANFORD KURLAND, *et al.* | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On December 9, 2013, defendants Stanford L. Kurland and David A. Spector ("the PennyMac defendants") filed a motion pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6) to dismiss the complaint. On December 10, 2013, the Court issued an order advising the *pro se* plaintiff to respond to the motion to dismiss no later than January 10, 2014, and informing him that if he did not timely respond, the motion could be deemed conceded and result in the dismissal of the complaint. (Order, Dec. 10, 2012 [ECF No. 4].) Plaintiff has neither responded nor sought an extension of time in which to respond. Accordingly, the PennyMac defendants' motion to dismiss will be granted as conceded. *See* Local Rule of Civ. P. 7(b).

In the alternative, the Court will grant defendant's motion to dismiss for lack of personal jurisdiction. Under Federal Rule of Civil Procedure 12(b)(2), plaintiff bears the burden of establishing a factual basis for personal jurisdiction over the defendants. *Rossmann v. Chase Home Finance, LLC,* 772 F. Supp. 2d 169, 171 (D.D.C. 2011) (citing *Crane v. N.Y. Zoological Society,* 894 F.2d 454, 456 (D.C. Cir. 1990)). The requirement for personal jurisdiction "must be met as to each defendant." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). In order to meet this

burden, a plaintiff must allege specific acts connecting the defendant with the forum state. *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).

In this case, plaintiff has not made any allegations regarding the geographical contacts of these two defendants to this jurisdiction. To the contrary, plaintiff's only geographic allegations regarding the PennyMac defendants are that their employer has a corporate headquarters in Moorpark, California (in the Central District of California) and that the property at issue in this case is in Grand Prairie, Texas, which is in the Northern District of Texas. (*See* Compl. at 3-4.) For this reason, even if plaintiff had timely filed a response, the Court would be required to dismiss his claim as to the PennyMac defendants pursuant to Fed. R. Civ. P. 12(b)(2).

Accordingly, and for the reasons stated above, the motion to dismiss as to defendants Kurland and Spector will be **GRANTED**. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 23, 2014